IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAFIS BILAL, | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT JERRY WALSH, *et al.*, | : | |
| Respondent | : | NO. 11-1973 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS                                                                 March 28, 2012
CHIEF UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for a Writ of Habeas Corpus filed, *pro se,* pursuant to 28 U.S.C. § 2254. Nafis Bilal ("Petitioner"), currently incarcerated at the State Correctional Institution at Dallas, Pennsylvania, claims that: (1) trial counsel were[1] ineffective for inducing him to plead guilty; (2) trial counsel were ineffective for failing to file a direct appeal; and (3) prison officials interfered with his ability to communicate with trial counsel after his guilty plea, which caused him to be unable to file a timely direct appeal. Petition ("Pet.") at 8-9. The Commonwealth responded that the first claim is procedurally defaulted, asserted that the second lacks merit and deemed the third not cognizable. Response ("Resp.") at 6-26 & n.4. Petitioner filed a Reply; however, the U.S. Supreme Court recently decided *Martinez v. Ryan*, 2012 WL 912950 (U.S. Mar. 20, 2012), which provides an new, potential avenue for Petitioner to avoid the procedural default of his first claim.[2]

In Pennsylvania, claims of ineffective assistance of trial counsel must be deferred from direct

---

[1] At trial, Petitioner was represented by Daniel Stevenson, Esquire and Everett Gillison, Esquire of the Philadelphia Public Defender's office. Petitioner pled guilty to first degree murder, robbery and possessing an instrument of crime on October 26, 2006. He did not file a direct appeal.

[2] Petitioner raised his first claim in his *pro se* PCRA petition. *See* Resp. Ex. C. However, the first claim is unexhausted because PCRA counsel omitted it in the amended PCRA petition he filed, *see* Resp. Ex. C, and it was not raised on PCRA appeal. *See Commonwealth v. Bilal*, No. 1499 EDA 2008, slip op. at 1-12 (Pa. Super. Ct. Oct. 2, 2009). It is procedurally defaulted because the PCRA statute of limitations has expired for the claim and Petitioner can no longer exhaust it. *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001) (holding that claims time-barred under the PCRA are procedurally defaulted).

appeal until a collateral proceeding under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). In light of this requirement, if a Pennsylvania habeas petitioner has defaulted a claim of trial counsel's ineffective assistance because his PCRA counsel failed to raise the claim in the initial PCRA proceeding, the petitioner may demonstrate cause for his default by demonstrating that PCRA counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).[3] *See Martinez*, 2012 WL 912950 at *8. Until *Martinez* was decided, cause could not be shown in this manner because there is no constitutional right to counsel in PCRA proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), nor a constitutional right to the effective assistance of counsel in PCRA proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991).

*Martinez* has opened an avenue for cause that *Coleman* previously foreclosed. Hence, it is appropriate to allow Petitioner the opportunity to demonstrate that his PCRA attorney was ineffective for failing to pursue, in the initial PCRA proceeding, Petitioner's first claim of trial counsel ineffective assistance. The best way to do that is to conduct an evidentiary hearing where PCRA counsel could explain why he failed to pursue the defaulted claim. *See Thomas v. Horn*, 570 F.3d 105, 125 (3d Cir. 2009) (explaining that the determination of whether counsel's performance was deficient under *Strickland* requires an evidentiary basis). Before conducting an evidentiary hearing, counsel must be appointed. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, this court will order that counsel be appointed to represent Petitioner.

An implementing Order follows.

---

[3] *Strickland* requires a petitioner to demonstrate that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.