IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NAFIS BILAL,**<br>        Petitioner,<br><br>    vs.<br><br>**SUPERINTENDENT JERRY WALSH, ET AL.,**<br>        Respondent. | **CIVIL ACTION**<br><br>**NO. 11-1973** |

**MEMORANDUM ON PETITION FOR WRIT OF HABEAS CORPUS**

**Baylson, J.**                                                                              **February 24, 2016**

Presently before the Court is a report and recommendation issued by Chief United States Magistrate Judge Carol Sandra Moore Wells (the "Report and Recommendation"), denying Petitioner Nafis Bilal's ("Mr. Bilal" or "Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Upon independent and thorough review, and for the reasons stated below, the Court will affirm the Report and Recommendation and dismiss the Petition.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 26, 2006, Mr. Bilal pleaded guilty in the Court of Common Pleas for Philadelphia County to charges of first degree murder, two counts of robbery, and possessing an instrument of crime. Com. v. Bilal, No. 1499 EDA 2008 (the "Superior Ct. Op."), slip op. at 2 (Pa. Super. Ct. Oct. 2, 2009). Mr. Bilal's trial counsel consisted of Everett Gillison, Esq., and Daniel Stevenson, Esq., from the Defender Association of Philadelphia. (Transcript of Proceedings held on May 5, 2008 before the Hon. Benjamin Lerner, J. ("PCRA Hr'g Tr.") 6:21-7:3).

As discussed more fully below, Mr. Bilal did not appeal his conviction. Id. at 3. Instead,

1

on July 9, 2007, Mr. Bilal filed a *pro se* petition for state collateral review under the Pennsylvania Post-Conviction Relief Act (the "PCRA"), 42 Pa. Cons. Stat. Ann. § 9542 *et seq*. On January 15, 2008, Mr. Bilal's court-appointed PCRA counsel, Matthew Wolfe, Esq., filed an Amended PCRA Petition on Mr. Bilal's behalf, asserting that Mr. Bilal's trial counsel was ineffective for failing to file a direct appeal. Id. On May 5, 2008, the PCRA court conducted an evidentiary hearing (the "PCRA Hearing"). (PCRA Hr'g Tr. 3:21-24). At the PCRA Hearing, both Mr. Bilal and Mr. Stevenson testified. (PCRA Hr'g Tr. 1:21-22). Mr. Gillison, however, did not testify. (PCRA Hr'g Tr. 1:21-22, 8:13-17, 20:19-21:2).

The PCRA court found that the testimony provided by Mr. Stevenson at the PCRA Hearing was credible and accurate (PCRA Hr'g Tr. 42:21-44:12) while that provided by Mr. Bilal was not (PCRA Hr'g Tr. 40:13-42:20). As such, the PCRA court found there was no credible evidence that Mr. Bilal had made a timely request that his counsel file either a motion to withdraw his guilty plea or a direct appeal. (PCRA Hr'g Tr. 45:3-6). Accordingly, Mr. Bilal's PCRA Petition was dismissed. (PCRA Hr'g Tr. 45:11). Mr. Bilal appealed the order to Pennsylvania's Superior Court. Superior Ct. Op. at 1. On October 2, 2009, the Superior Court affirmed. Id. at 12. On December 6, 2010, the Pennsylvania Supreme Court denied Mr. Bilal's petition for allocatur. Com. v. Bilal, 13 A.3d 473 (Pa. 2010) (Table).

On February 22, 2011,[1] Mr. Bilal filed the instant Petition. ("Habeas Pet.", ECF 1). On July 26, 2011, the District Attorney of Philadelphia filed a Response. (ECF 12). In the Petition, Mr. Bilal claims:

(1) he was denied effective assistance of counsel because his trial counsel coerced him to

---

[1] As correctly stated in the Report and Recommendation, while the Clerk of Court docketed the instant Petition on March 21, 2011, his Petition is deemed filed on the date he gave it to prison officials for mailing because he was a *pro se* inmate at such time. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Mr. Bilal executed the Petition on February 22, 2011 and, absent any evidence to the contrary, the Court will deem this earlier date the filing date.

plead guilty;

(2) he was denied effective assistance of counsel because his trial counsel failed to file a direct appeal; and

(3) prison officials interfered with his ability to communicate with his trial counsel such that he was unable to file a timely direct appeal.

(Habeas Pet. 8-9).  This Court referred the matter to a magistrate judge for a report and recommendation on the merits.

## II.     THE PARTIES' CONTENTIONS

### A.    Summary of the Report and Recommendation

On May 19, 2015, Chief Magistrate Judge Wells issued a Report and Recommendation recommending that Mr. Bilal's first and third federal habeas claims were procedurally defaulted and should be dismissed, and that Mr. Bilal's second federal habeas claim was meritless under de novo review and should therefore be denied.  (Report & Recommendation ("R&R") at 19, ECF 34).

### 1.    Ineffective Assistance of Trial Counsel for Coercing Guilty Plea

In the Report and Recommendation, Chief Magistrate Judge Wells concluded that Petitioner's first federal habeas claim was procedurally defaulted because Mr. Bilal did not raise this claim in his PCRA appeal.  The only claim that Mr. Bilal raised in his PCRA appeal was that "counsel was ineffective for failing to file the [direct] appeal that [Mr. Bilal] timely requested." Superior Ct. Op. at 7.

Chief Magistrate Judge Wells held an evidentiary hearing on September 17, 2012 to determine if there was cause and prejudice to excuse the procedural default of Mr. Bilal's claim that trial counsel were ineffective for inducing him to plead guilty (the "Federal Habeas

Hearing"). (Id.). Cause to excuse the procedural default of a claim of ineffective assistance of counsel at trial may be found, in certain circumstances, under Martinez v. Ryan, 132 S. Ct. 912, 922 (2012), where a petitioner establishes ineffective assistance of counsel in an initial-review collateral proceeding.

Chief Magistrate Judge Wells concluded that Mr. Bilal could not establish cause to excuse the procedural default of this claim. (R&R 7). At the Federal Habeas Hearing, Mr. Bilal's PCRA counsel, Mr. Wolfe, testified. (Transcript of Proceedings held on Sept. 17, 2012 before Chief Magistrate Judge Wells ("Habeas Hr'g Tr.") 2:22-3:3, ECF 29). Mr. Wolfe offered unrebutted and uncontroverted testimony that he explained to Mr. Bilal that Petitioner could pursue a claim that trial counsel rendered ineffective assistance in inducing his guilty plea *or* a claim that trial counsel were ineffective in failing to take a direct appeal (Petitioner's second federal habeas claim in the instant Petition), as well as the pros and cons associated with either choice. (R&R 6-7). Chief Magistrate Judge Wells concluded that, "[s]ince Mr. Wolfe correctly advised [Mr. Bilal] about the consequences if he successfully pursued claim two and [Mr. Bilal] elected only claim two, Mr. Wolfe's representation was professionally reasonable and not deficient; therefore Mr. Wolfe did not render ineffective assistance." (R&R 7).

In addition, Chief Magistrate Judge Wells concluded that Mr. Bilal could not establish prejudice to excuse his procedural default of this claim. (R&R 8). Petitioner's trial counsel, Messrs. Stevenson and Gillison, also testified at the Federal Habeas Hearing. (Habeas Hr'g Tr. 2:22-25). At the Federal Habeas Hearing, Mr. Gillison offered uncontradicted and unrebutted testimony that he "provided [Mr. Bilal] with available discovery in his case, reviewed that discovery with [Mr. Bilal], discussed options to plead guilty or proceed to trial, and pursued [Mr. Bilal's] decision to plead guilty." (R&R 7; see also Habeas Hr'g Tr. 22:7-23:24). Mr. Gillison

4

further explained that Mr. Bilal's decision to plead guilty came from Petitioner's realization that his actions were wrong and his desire to take responsibility for them. (R&R 7-8; see also Habeas Hr'g Tr. 29:10-13). At the Federal Habeas Hearing, Mr. Stevenson confirmed Mr. Gillison's testimony that Mr. Bilal "decided to plead guilty, because he was remorseful for, and ashamed of, his actions." (R&R 8; see also Habeas Hr'g Tr. 100:21-101:6). Chief Magistrate Judge Wells thus concluded that Mr. Bilal suffered no prejudice from Mr. Wolfe's failure to preserve claim one during the PCRA proceedings. (R&R 8).

Accordingly, Chief Magistrate Judge Wells dismissed Petitioner's first federal habeas claim that trial counsel rendered ineffective assistance in inducing his guilty plea because Mr. Bilal failed to establish cause and prejudice to excuse his procedural default.

**2.      Ineffective Assistance of Trial Counsel for Failing to File Direct Appeal**

Chief Magistrate Judge Wells undertook a *de novo* review of Mr. Bilal's claim that Petitioner's trial counsel rendered ineffective assistance of counsel by failing to file a direct appeal because she concluded that the state court's determination of that claim was contrary to Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). (R&R 12-18). In Roe, the Supreme Court held that counsel is not per se deficient for failing to take an appeal when the defendant does not clearly convey his wishes regarding such appeal. Id. at 478. Rather, counsel renders ineffective assistance, according to Strickland v. Washington, 466 U.S. 688 (1984), where counsel had a duty to consult with the defendant about an appeal and did not so consult. Id. at 480. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. Chief Magistrate Judge Wells

5


determined that Mr. Bilal had failed to establish that Messrs. Gillison and Stevenson had rendered ineffective assistance under these standards.

Chief Magistrate Judge Wells first found that Mr. Gillison did not provide professionally unreasonable assistance to Mr. Bilal. (R&R 15). Mr. Bilal did not call Mr. Gillison to testify at his PCRA Hearing, which testimony was needed to establish whether or not Mr. Gillison rendered ineffective assistance to Mr. Bilal in failing to consult with Petitioner about an appeal. (R&R 16). Furthermore, Chief Magistrate Judge Wells concluded that the decision not to call Mr. Gillison at the PCRA Hearing was a strategic decision taken by Petitioner's PCRA counsel, Mr. Wolfe. (R&R 16). As such, the decision not to call Mr. Gillison at the PCRA Hearing is "properly charged to Petitioner." (R&R 16). Chief Magistrate Judge Wells thus determined that, because the record was silent as to Mr. Gillison's assistance to Mr. Bilal, Petitioner had failed to rebut the strong presumption that Mr. Gillison rendered effective assistance. (R&R 17).

Chief Magistrate Judge Wells also concluded that Mr. Stevenson rendered effective assistance. Unlike Mr. Gillison, Mr. Stevenson did testify at the PCRA Hearing. (PCRA Hr'g Tr. 1:22). Chief Magistrate Judge Wells inquired, under Roe, whether the evidence demonstrated that Mr. Stevenson had a duty to consult with Petitioner about an appeal. (R&R 17-18). Chief Magistrate Judge Wells deferred to the PCRA court's findings (1) that Mr. Bilal "never communicated his desire to appeal to Mr. Stevenson prior to expiration of the time to file a timely direct appeal"; and (2) that Mr. Bilal "had fabricated evidence in an effort to persuade the PCRA court that he had requested that both counsel file a direct appeal, prior to the expiration of the 30 day appellate period." (R&R 17). In addition, Petitioner pleaded guilty and "failed to articulate any available nonfrivolous grounds for a direct appeal." (R&R 18). Accordingly, Chief Magistrate Judge Wells determined that Mr. Stevenson had no duty to

consult with Petitioner about an appeal, and thus that he did not render ineffective assistance of counsel for failing to do so.  (R&R 18).

In sum, Chief Magistrate Judge Wells concluded that, because Petitioner did not establish that Messrs. Gillison and Stevenson's representation "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, his claim of ineffective assistance for failing to file a direct appeal failed.

### 3.    Interference by Prison Officials Caused Petitioner's Failure to File Direct Appeal

Chief Magistrate Judge Wells found that Mr. Bilal had proffered neither cause nor prejudice to excuse this claim's procedural default.  (R&R 6).  Chief Magistrate Judge Wells also found that Mr. Bilal failed to present any new, reliable evidence of his actual innocence.  (R&R 6).  As such, Chief Magistrate Judge Wells concluded that Petitioner's procedurally defaulted third federal habeas claim could not be addressed on its merits.  (R&R 6).

### B.    Petitioner's Objections to the Report and Recommendation

Mr. Hosay submitted, on Mr. Bilal's behalf, Objections to the Report and Recommendation, *nunc pro tunc*.  (Objections, ECF 41).  Mr. Bilal made the following objections:

(1) that Chief Magistrate Judge Wells "failed to apply to dictates of Martinez v. Ryan," 132 S. Ct. 1309 (2012);

(2) that Chief Magistrate Judge Wells erred by "not stipulating to the record" that trial counsel was subpoenaed to appear at the PCRA hearing;

(3) that unidentified "issues" were never exhausted in the lower courts because Mr. Bilal's PCRA counsel, Mr. Wolfe, erroneously omitted them; and

(4) that Chief Magistrate Judge Wells acted contrary to Pennsylvania Supreme Court

precedent, as enunciated in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), in not "addressing each issue individually."

(Objections 4-5).

Mr. Bilal did not, however, challenge Chief Magistrate Judge Wells' determination that Petitioner's third federal habeas claim – that prison officials' interference caused his failure to file a timely direct appeal – was procedurally defaulted.

### IV.   LEGAL STANDARDS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court is precluded from granting habeas relief on any claim decided in a state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (citing 28 U.S.C. § 2254(d)(1)); accord Fountain v. Kyler, 420 F.3d 267, 272-73 (3d Cir. 2005).

The extent of district court review of a magistrate judge's report and recommendation is left to the Court's discretion. See, e.g., Thomas v. Arn, 474 U.S. 140, 154 (1985); Henderson v. Carlson, 812 F.3d 874, 878 (3d Cir. 1987). The district court must review de novo the portions of the magistrate judge's report and recommendation specifically objected to by a petitioner. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made."); see also Fed. R. Civ. P. 72. The Court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## V.     DISCUSSION

Mr. Bilal has made four Objections to Chief Magistrate Judge Wells' Report and Recommendation. However, only three of these objections challenge findings made in the Report and Recommendation.[2] The Court will address those three objections in turn.

### A.     Ineffective Assistance of Trial Counsel for Coercing Guilty Plea

Mr. Bilal's first and third objections are, essentially, challenges to Chief Magistrate Judge Wells' finding that Mr. Wolfe, as Petitioner's PCRA counsel, did not render ineffective assistance, such that there was no cause to excuse the procedural default of Petitioner's first federal habeas claim that trial counsel rendered ineffective assistance by inducing Mr. Bilal to plead guilty.

In order for a habeas petitioner to obtain relief, he or she must first exhaust available state court remedies. 28 U.S.C. § 2254(b)(1)(A). When a habeas petitioner has failed to exhaust a claim and it is clear that the state courts would not consider the claim because of a state procedural rule, such as a statute of limitations, the claim is procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). As the Supreme Court provided in Coleman, ineffectiveness of counsel in state collateral proceedings "cannot constitute cause to excuse the default in federal habeas." Id. at 757. In other words, "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" Maples v. Thomas, 132 S. Ct. 912, 922 (2012) (quoting Coleman, 501 U.S. at 753).

The Supreme Court established a narrow exception to the Coleman rule in Martinez v.

---

[2] Mr. Bilal's fourth objection, which argues that Chief Magistrate Judge Wells erred in not following the dictates of a Pennsylvania Supreme Court case, Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), because she "combin[ed] all issues together" (Objections 5), is frivolous. First, this Court is unable to evince such a rule in Grant, which stands for the proposition, cited herein, that an accused cannot pursue an ineffective assistance of counsel claim on direct appeal. Second, even were Chief Magistrate Judge Wells to have violated such a state law rule in her Report and Recommendation, such error would not entitle Mr. Bilal to federal habeas review. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to attack in the federal courts.").

Ryan, 132 S. Ct. 1309 (2012).  In Martinez, the Supreme Court answered in the affirmative whether inadequate assistance of counsel in initial-review collateral proceedings can establish cause for a petitioner's procedural default of a claim of ineffective assistance of counsel at trial. Martinez, 132 S. Ct. at 1317.  The exception only applies where the petitioner is required to raise an ineffective assistance of trial counsel claim in an initial-review collateral proceeding.  Id. at 1318.

Under Martinez, there are two circumstances in which a prisoner can establish cause for a default of an ineffective-assistance claim.  Id.  The first is where the state court did not appoint counsel in the initial-review postconviction proceeding.  Id.  The second is where such appointed counsel in the collateral proceeding was ineffective according to the Strickland standards.  Id.  In the second circumstance, a petitioner also "must demonstrate that the claim has some merit."  Id. (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)).

Proceeding under the second circumstance outlined in Martinez,[3] Mr. Bilal must satisfy the Strickland standards to demonstrate cause.[4]  This he has failed to do.  At the Federal Habeas Hearing before Chief Magistrate Judge Wells, Mr. Bilal's court-appointed counsel for his PCRA petition, Mr. Wolfe, testified that he explained to Mr. Bilal that he could not pursue both claim one—that trial counsel coerced Mr. Bilal into making a guilty plea—and claim two—that Mr. Bilal received ineffective assistance because trial counsel failed to take a direct appeal—at the same time.  (Habeas Hr'g Tr. 114:13-115:3).  Mr. Wolfe further explained to Mr. Bilal that he could either pursue claim one, which would entail electing to forego Mr. Bilal's right to a direct

---

[3] In Pennsylvania, a prisoner is first able to attack the effectiveness of counsel in an initial-review postconviction proceeding brought under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq.  Because the state court appointed counsel for purpose of the PCRA proceedings, Mr. Bilal's claim proceeds according to the theory that Mr. Wolfe rendered ineffective assistance of counsel at the PCRA hearing by not raising the claim that Mr. Bilal's trial counsel were ineffective for coercing Mr. Bilal to plead guilty.

[4] The state court appointed counsel for Mr. Bilal for purposes of the initial-review postconviction proceedings.

10

appeal,[5] or pursue claim two and seek to have Mr. Bilal's direct appellate rights reinstated.[6] (Habeas Hr'g Tr. at 124:15-21). In analyzing Mr. Wolfe's representation of Mr. Bilal, this Court is mindful of the Supreme Court's mandate that "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 688. Mr. Wolfe accurately explained the consequences of pursuing either claim one or claim two in Mr. Bilal's PCRA proceeding. As such, Mr. Wolfe provided "reasonable professional assistance." Id. Because Mr. Bilal has failed to establish cause to excuse his procedural default of claim one, the Court adopts Chief Magistrate Judge Wells' recommendation that this claim be dismissed.[7]

**B.** **<u>Ineffective Assistance of Trial Counsel for Failing to File Direct Appeal</u>**

Mr. Bilal's second objection is that Chief Magistrate Judge Wells erred in "not stipulating to the record that trial counsel was subpoena[ed] to appear at [the] PCRA hearing." (Objections 5). Presumably, this objection is to Chief Magistrate Judge Wells' finding that, under 28 U.S.C. § 2254(e)(2), Petitioner was barred "from having the benefit of an evidentiary hearing" to determine whether Mr. Bilal's trial counsel had rendered ineffective assistance of counsel by failing to file a direct appeal. (R&R 15-16). Accordingly, the Court construes Mr. Bilal's second objection as challenging Chief Magistrate Judge Wells' determination that Petitioner failed to establish that his trial counsel had rendered ineffective assistance of counsel in failing to file a direct appeal.[8]

---

[5] The Pennsylvania Supreme Court has determined that in Pennsylvania, as in a majority of jurisdictions, "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." Com. v. Grant, 813 A.2d 726, 738 (Pa. 2002).

[6] Pennsylvania law also provided that an accused who is deprived entirely of his right to direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is therefore entitled to reinstatement of his direct appellate rights. See, e.g., Com. v. Halley, 870 A.2d 795 (Pa. 2005); Com. v. Lantzy, 736 A.2d 564 (Pa. 1999).

[7] Because the Court has determined that Mr. Bilal has failed to demonstrate cause, this Court need not undertake a superfluous consideration of whether Mr. Bilal had established prejudice. See Strickland v Washington, 466 U.S. 668, 697 (1984).

[8] The Court recognizes Mr. Bilal's claim that his trial counsel were subpoenaed to appear at the PCRA

First, the Court notes that it is exceedingly rare for a court to hold an evidentiary hearing in a federal habeas proceeding.  Though Chief Magistrate Judge Wells did hold an evidentiary hearing to determine whether there was cause and prejudice to excuse the procedural default of Petitioner's federal habeas claim that he received ineffective assistance of counsel because trial counsel induced him to plead guilty, Chief Magistrate Judge Wells specifically found that 28 U.S.C. § 2254(e)(2) barred a hearing with respect to trial counsel's alleged ineffective assistance in failing to file Petitioner's direct appeal.  (R&R 16).

This Court must apply a "strong presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 688-89).  As Chief Magistrate Judge Wells noted, Mr. Bilal presented no evidence rebutting the presumption that Mr. Gillison rendered effective assistance.  (R&R 15).  In addition, the PCRA court found, as a matter of fact, that Mr. Bilal did not communicate to Mr. Stevenson his desire to take an appeal.  (PCRA Hr'g Tr. 40:15:-42:20).  Thus, Chief Magistrate Judge Wells correctly determined that Messrs. Gillison and Stevenson did not render ineffective assistance of counsel under Strickland and Roe.  Accordingly, Chief Magistrate Judge Wells' dismissal of Petitioner's second federal habeas claim comports with Supreme Court precedent and warrants approval and affirmance by this Court.

---

Hearing.  However, this claim is meritless.  A review of the state court record demonstrates that Messrs. Gillison and Stevenson were not subpoenaed to appear at the PCRA hearing.  (PCRA Hr'g Tr. at 8:13-17).  Furthermore, at the Federal Habeas Hearing before Chief Magistrate Judge Wells, Mr. Wolfe stated that he "did not subpoena [Mr. Gillison] deliberately" and that his strategy with respect to the PCRA Hearing was to rely on Mr. Bilal's testimony alone.  (Habeas Hr'g Tr. at 132:1).  As Chief Magistrate Judge Wells correctly noted, "the failure to call Mr. Gillison was a strategic decision, properly charged to Petitioner."  (R&R 16).

## VI.  CONCLUSION

For the foregoing reasons, the Court will adopt the Report and Recommendation and dismiss Mr. Bilal's Petition for Writ of Habeas Corpus.  The Court concludes that there is no basis for issuance of a certificate of appealability.

An appropriate Order follows.

O:\CIVIL 11\11-1973 bilal v. walsh\Final Memo re 2254 Petition.docx